## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TAMAH JADA CLARK<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANTI-DEFAMATION LEAGUE,<br>JONATHAN GREENBLATT, B'NAI<br>B'RITH, AMERICAN JEWISH<br>COMMITTEE, INTERNATIONAL<br>HOLOCAUST REMEMBRANCE<br>ALLIANCE, THE "UNITED<br>STATES," JOSEPH R. BIDEN,<br>DEBORAH LIPSTADT, ANTONY<br>BLINKEN, and JESSICA<br>ROSENWORCEL,<br><br>　　　　Defendants. | Civil Action File<br>No.: 1:24-CV-0482 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ANTI-DEFAMATION LEAGUE, JONATHAN GREENBLATT, B'NAI B'RITH, AND AMERICAN JEWISH COMMITTEE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Anti-Defamation League ("ADL"), Jonathan Greenblatt ("Mr. Greenblatt"), B'nai B'rith, and American Jewish Committee ("AJC" and together with ADL, Mr. Greenblatt, and B'nai B'rith, "Defendants"), by and through their counsel of record, hereby move pursuant to Fed. R. Civ. P. Rule 12(b)(1) and (6) to dismiss Plaintiff's Complaint in its entirety.  Plaintiff Tamah Jada Clark ("Ms.

Clark" or "Plaintiff") lacks standing and has failed state any legally cognizable claims against Defendants, as demonstrated below.

## I.    <u>INTRODUCTION</u>

Plaintiff's Complaint is largely a nonsensical recitation of centuries old legal theory untied to the scant facts alleged.  At most, Plaintiff's Complaint reflects her ideological objections to American foreign policy (including designation of Hamas as a terrorist organization and dissemination of a "false narrative of Jewish Semitism"), but it does not state a cause of action.  As a threshold matter, Plaintiff's shotgun pleading does not allege an injury-in-fact, depriving Plaintiff of standing to assert her claims.  Her claims are generalized, conclusory statements, lacking in the substance and clarity that the federal courts require.  Lastly, Plaintiff has failed to serve Defendants (with the exception of AJC).  Thus, as detailed herein, Plaintiff's Complaint should be dismissed with prejudice.

## II.    <u>SUMMARY OF THE RELEVANT PROCEDURAL HISTORY</u>

Plaintiff filed her Complaint on January 31, 2024. (Dkt. 1).  She mailed copies of the Summons and Complaint to Defendants with an Acknowledgment of Service on or about February 20, 2024. Only AJC signed the Acknowledgment, a copy of which was filed on February 29, 2024. (*See* Dkt. 4).  Plaintiff has never served AJC, Mr. Greenblatt, or B'nai B'rith with process.  On March 12, 2024 (the original deadline for AJC to respond to the Complaint), Defendants filed a Motion for

Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint, requesting that the Court set April 19, 2024, as the deadline for Defendants to respond to the Complaint. (*See* Dkt. 9). Plaintiff and AJC had agreed to said extension as reflected in Plaintiff's Notice of Extension Approval for Defendant American Jewish Committee. (*See* Dkt. 10). Noting that they had not been served and reserving all rights to contesting the sufficiency of service of process, the other Defendants, in an abundance of caution in light of Plaintiff's history of frivolous litigation, requested that their deadline to respond to the Complaint also be set on April 19, 2024. (*See* Dkt. 9). The Court granted Defendants' Motion on March 13, 2024.

Nonetheless, on March 21, 2024, Plaintiff filed a Motion for Judgement [sic] by Default and to Strike Plaintiff's Notice of Extension Approval for Defendant American Jewish Committee, to Reconsider Order on Motion for Extension of Time, to Compel Proof of Authority, and to Enter Default Judgment Against All Defendants (Dkt. 11). Defendants submitted their Response to Plaintiff's Motion for Judgement [sic] by Default on April 4, 2024 (Dkt. 12). Plaintiff's Motion is currently pending before this Court.

Consistent with the Court's Order, Defendants now file their Motion to Dismiss.

III.    **SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff appears to allege that Defendants are "citizens of the Unites States" and that "there is complete diversity between Plaintiff and Defendants." (Dkt. 1 at 3, ¶ 1). She further states that Defendants are "operating in a private corporate, non-sovereign capacity as an 'artificial person' rather than 'organized political community.'" (*Id*. at 7, ¶ 3). Plaintiff contends, however, that Mr. Greenblatt is a "public officer[]," without alleging any particular role. (*Id*. at 10, ¶ 7).

Plaintiff alleges that Defendants have used "unconstitutional federal statutes to fraudulently, in the name of the People of the Unites States as well as to their detriment in subversion of the U.S. Constitution and Laws, create and disseminate a false narrative of Jewish Semitism and victimhood worldwide." (*Id*. at 19, ¶ 6). Moreover, Plaintiff asserts that Defendants are conducting a "proxy war in the Middle East to promote the political interests and objectives of the criminal Zionist Entity committing genocide in Gaza." (*Id*. at 19, ¶ 8). Lastly, Plaintiff contends that she has been "mislabeled anti-Semitic for truthfully confessing Hebrew heritage and observing religious rites as an Israelite – and targeted with aggravated slander on social media platforms, including, but not limited to "X" (formerly Twitter) in consequence of every Defendants' breach of duty." (*Id*. at 20, ¶ 9). Notably, Plaintiff does not allege that Defendants committed slander or libel, nor has she set forth any supposedly slanderous or libelous statement.

Plaintiff contends that she has "suffered and does suffer extreme injury to peace, happiness, and feelings due to violation of constitutional rights and in light of the imminent world war and present destabilization of the Middle East instigated and supported by every Defendants' breach of duty." (*Id.* at 20, ¶ 10). She further claims that "due to the extreme and aggravated nature and circumstances of breaches of duty by Defendants, and the profound effect of such illicit behavior on *the State and society as a whole*," Plaintiff is entitled to $140 billion. (*Id.* at 17-18, ¶ 1 (emphasis added)).[1]

As best as can be deciphered from Plaintiff's threadbare and nonsensical allegations, Plaintiff appears to assert the following claims:

1. Failure "to make annual returns" pursuant to O.C.G.A. § 22-1705 (1933) (Dkt. 1 at 11, ¶ 11);

2. Violation of the "Constitution or Laws of Georgia" by "exercising prohibited powers and privileges…under color of federal statutes," including:

---

[1] Plaintiff alleges "breaches of duty" and makes reference to tort law (*see* Dkt. 1 at 4, ¶ 5; at 9, ¶¶ 2-3; at 17-18, ¶ 1; at 20, ¶ 10); however, she does not identify any specific "breach of duty" nor any tort that was allegedly committed. Plaintiff's assertions are vague and do not plausibly set forth a cause of action.

    a. "'An Act to provide certain basic Authority for the Department of State (Aug. 1, 1956, ch. 841, title I, § 59) or 'Basic Authorities Act'";

    b. "'Authorization for Establishment of Office to Monitor and Combat Anti-Semitism' (Pub. L. 108-332, § 5, Oct. 16, 2004, 118 Stat. 1284) or 'Monitor and Combat Act'";

    c. "'Special Envoy to monitor and Combat Anti-Semitism Act'" (Publ. L. 116-326, § 3, Jan. 13, 2021, 134 Stat. 5095) or 'Special Envoy Act'";

    d. "'An Act to revise the laws relating to immigration, naturalization, and nationality' or 'Nationality Act' (June 27, 1952, ch. 477, 66 Stat. 173)";

    e. "'An Act for Regulation of Radio Communications, and for other Purposes' (Publ. Law 632, 69th Congress, February 23, 1927) or 'Radio Act'"; and

    f. "'An Act to provide for the regulation of interstate and foreign communication by wire or radio' (June 19, 1934) or 'Communication Act'" (Dkt. 1 at 12, ¶ 13 (a-f));[2]

3. Contribution "to campaign funds for political purposes in Georgia, and influenced the vote and action of State officers" (Dkt. 1 at 16, ¶¶ 24-25);

---

[2] While Plaintiff generically alleges in Paragraph 13 of her Complaint that all Defendants have "exercised prohibited powers" through the above noted statutes, in her specific allegations with respect to each statute, Plaintiff only refers to the non-moving Defendants; she does not make any specific allegation with respect to these statutes and any of ADL, Mr. Greenblatt, AJC, or B'nai B'rith.

4. Violation of O.C.G.A. § 22-9901 (1933) by "declar[ing] dividends and distribut[ing] money among [Defendants'] members as profits in a manner that increases its debts" (Dkt. 1 at 17, ¶ 27);

5. Violation of O.C.G.A. § 26-2803 by "embezzle[ing], [stealing], and secret[ing] funds and fraudulently tak[ing] money, paper, books, and other property and effects" (Dkt. 1 at 17, ¶ 28); and

6. Violation of freedom speech and religion based on non-parties' allegedly slanderous and libelous statement (Dkt. 1 at 19-20, ¶ 9).

## IV.  ARGUMENT AND CITATION OF AUTHORITIES

### A. Standard of Review

"Dismissal for failure to state a claim is appropriate if the complaint's factual allegations fail to state a claim for relief that is 'plausible on its face.'" *Jacobs v. Blando*, 592 F. App'x 838, 840 (11th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 840.

While *pro se* pleadings are generally held to a less stringent standard than pleadings drafted by attorneys, they nonetheless "must still suggest that there is at least some factual support for a claim." *Waldman v. Conway*, 871 F.3d 1283, 1289 (2017).

7

### A. **Plaintiff Does Not Have Standing to Bring Her Claims.**

In order to have standing to pursue his claims, Plaintiff must establish that there is a present case or controversy. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "The 'triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.'" *Id.* (quoting *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004)). "'[F]irst and foremost, there must be alleged . . . an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical.'" *Id.* "An interest unrelated to injury in fact is insufficient to give a plaintiff standing." *Id.* (citation omitted). Thus, as the Supreme Court has made clear, a particularized injury "mean[s] that the injury must affect the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 n.1 (1992). Plaintiff cannot establish standing in this case because, as a threshold matter, she has not suffered such an "injury in fact."

At most, Plaintiff alleges that she has suffered "injury to peace, happiness, and feelings due to violations of constitutional Rights and in light of the imminent

world war and present destabilization of the Middle East." (Dkt. 1 at 20, ¶ 10).[3] This alleged harm is speculative, being based on an event that has not occurred and on events that do not directly impact Plaintiff here in Georgia. But more fundamentally, Plaintiff alleges Defendants' supposed conduct has impacted not herself, but "the State and society as a whole." (*Id*. at 17-18, ¶ 1).

Such generalized grievances with no allegations of specific harm to Plaintiff (and certainly no allegations to show that Defendants caused any harm) are but ideological objections, insufficient to establish standing. *See U.S. v. Hays*, 515 U.S. 737, 743 (1995) (noting that the Supreme Court "has repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power"); *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ( "[T]he Court has held that when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."). Therefore, Plaintiff's Complaint suffers from the fundamental flaw that she does not allege a particularized harm and should be dismissed.

---

[3] The type of damages alleged – to "peace, happiness, or feelings of the plaintiff" – are the types of damages described in O.C.G.A. § 51-12-6, which provides the measure for damages in tort. However, Plaintiff has not alleged a tort.

**C. <u>Plaintiff's Shotgun Pleading Fails to Meet the Requirements of Fed.
R. Civ. P. 8(a).</u>**

This Court should also dismiss Plaintiff's Complaint because it is a
quintessential shotgun pleading that does "not provide a short and plain statement of
a claim as required by Rule 8." *Brown v. Air Line Pilots Ass'n*, 813 F. App'x 353,
355 (11th Cir. 2020). Plaintiff's Complaint fails "to give [Defendants] adequate
notice of the claims against them and the ground upon which each claim rests."
*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F. 3d 1313, 1323 (11th Cir. 2015).
Instead, "it is impossible to comprehend which specific factual allegations the
plaintiff intends to support which causes of actions, or how they do so." *Estate of
Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). In fact, Plaintiff
has not actually enumerated causes of action, and Defendants are left to parse out
Plaintiff's supposed claims from invective rhetoric and incoherent citations to
outdated statutes (including dating back to the 18th Century) which have little if any
bearing to the sparse "factual" allegations. Thus, under the *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 555 (2007) and *Iqbal* standard, Plaintiff's Complaint should
be dismissed. *See Iqbal*, 556 U.S. at 678 (holding that Fed. R. Civ. P. 8(a)(2) demand
"more than an unadorned, the defendant-unlawfully-harmed-me-accusation").

**D. Plaintiff Has Failed to State a Claim Upon Which Relief May Be Granted.**

**1. Failure "to Make Annual Returns" pursuant to O.C.G.A. § 22-1705**

Plaintiff alleges that Defendants "failed and refused to make annual returns and is liable for forfeiture." (Dkt. 1 at 11, ¶ 11). In support of her claim, Plaintiff relies on Georgia Code § 22-1703 (1933), which is now codified at O.C.G.A. § 14-4-180. This Code Section simply requires all corporations "incorporated by the Secretary of State to file with the Secretary of State an annual registration." O.C.G.A. § 14-4-180. Georgia Code § 14-4-160 provides that a corporation may forfeit its charter should it fail to file its annual registration as required by § 14-4-180. *See* O.C.G.A. § 14-4-180(a)(1). Significantly, O.C.G.A. § 14-4-160(b) provides for enforcement of the statute by the Secretary of State; there is no private right of action for violation of either O.C.G.A. §§ 14-4-160 or 14-4-180.[4] *See Corey v. Rockdale Cnty.*, No. 1:22-cv-3918-MLB, 2023 WL 6242669, at *4 (N.D. Ga. Aug. 28, 2023) (noting that "the statute must 'display[] an intent to create not just a private right of action but also a private remedy'" (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001))); *see also State Farm Mut. Auto. Ins. Co. v. Herandez Auto*

---

[4] Defendants were not able to locate any case law citing either O.C.G.A. §§ 14-4-160 or 14-4-180.

*Painting and Body Works, Inc.*, 312 Ga. App. 756, 761 (2011) ("[I]t is well settled that violating statutes and regulations does not automatically give rise to a civil cause of action by an individual claiming to have been injured from a violation thereof," and "the absence of language . . . creating a private right of action strongly indicates the legislature's intention that no such cause of action be created by said statute."). Thus, Plaintiff's claim must fail.

Moreover, while Plaintiff's allegations are generally accepted as true at this stage, the public record makes clear that Plaintiff's threadbare and conclusory allegation that Defendants failed to file an annual registration is incorrect. Copies of Defendants' annual registration filings with the Georgia Secretary of State are attached hereto as Exhibit 1.[5]

**2.   <u>Unconstitutional Federal Statutes</u>**

**a.   <u>Plaintiff Fails to State a Claim for Violation of Her Constitutional Rights.</u>**

Plaintiff alleges that Defendants violated her Constitutional rights based on the Basic Authorities Act, the Monitor and Combat Act, the Special Envoy Act, the Nationality Act, the Radio Act, and the Communications Act (the "Acts"). (*See* Dkt.

---

[5] This Court may take judicial notice of public records maintained by the Secretary of State. *See Auto-Owners Ins. Co. v. G&D Construction Grp., Inc.*, 588 F. Supp. 3d 1328, 1331, n. 3 (N.D. Ga. 2022) ("Courts can take judicial notice of public records maintained by a secretary of state").

1 at 12-15, ¶¶ 13-20).   As a preliminary matter, Plaintiff has not alleged which Constitutional rights the Acts supposedly infringe.  (*See id*.).  Furthermore, while Plaintiff includes Defendants in her generic allegation that the Acts violate her rights (*see id*. at 12, ¶ 13), she does not make any allegation regarding the moving Defendants in her specific allegations related to each statute.  (*See id*. at 13-15, ¶¶ 14-20).   Thus, Plaintiff has not alleged any facts to show that Defendants were responsible for the enactment or enforcement of the Acts.  (*See id*.).  Nor could she as Defendants are not state actors.

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action."  *Beatty v. Wilmington Fin., Inc.*, No. 1:07-CV-3204-CC-JFK, 2008 WL 11469597, at *4 (N.D. Ga. March 10, 2008) (quotation omitted).  "Furthermore, 'state action requires *both* an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, *and* that the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id* (emphasis in original); *see, e.g.*, *Harden v. Honeywell Int'l, Inc.*, No. 1:23-cv-00176-JPB, 2023 WL 3310172, at *3 (N.D. Ga. May 8, 2023).  Plaintiff has not alleged any

13

facts to establish state action by Defendants, who are private entities and individuals. To the contrary, Plaintiff has alleged that "[e]very Defendant is . . . operating in a private corporate, non-sovereign capacity as an 'artificial person' rather than 'organized political community.'" (Dkt. 1 at 7, ¶ 3).

Plaintiff's claims further fail because she did not assert them under 42 U.S.C. § 1983 nor does she have a direct right of action under the Constitution. *See Bush v. Frazier*, 2:18-cv-00732-SGC, 2019 WL 3305145, at *8 (N.D. Ga. July 23, 2019) (dismissing plaintiff's claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments and other statutes pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because there is no direct or private right of action under these constitutional and statutory provisions).

Lastly, to the extent that Plaintiff alleges unspecified provisions of the Acts violate unidentified provisions of the Georgia Constitution (*see* Dkt. 1 at 12, ¶ 13), her claim fails because federal law preempts state law. *See Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 4th 1261, 1266 (11th Cir. 2023) ("The Supremacy Clause of the United States Constitution preempts – that is, invalidates – state laws that 'interfere with, or are contrary to' federal law.") (quoting *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1 (1824)); *see e.g. Reis v. OOIDA Retention Grp., Inc.*, 303 Ga. 659, 660 (2018).

14

**b.**    **Plaintiff Fails to State Sufficient Facts to Challenge the
Constitutionality of Any Act.**

Plaintiff's attempt to challenge the constitutionality of the Acts fails under both a facial challenge or as-applied theory. To establish a statute is facially unconstitutional, Plaintiff "bears the burden of proving that statute could never be applied in a constitutional manner; to prevail, plaintiff must establish that no set of circumstances exists under which statute could be valid." *McGuire v. Marshall*, 50 F.4th 986, 1003 (11th Cir. 2022). Plaintiff's incoherent ramblings do not meet this burden. For example, the extent of Plaintiff's claim that the Special Envoy Act is unconstitutional it that it "claims to grant authority for Defendant Biden to have appointed Defendant Lipstadt who fraudulently holds herself out to the American public as a U.S. Ambassador." (Dkt. 1 at 14, ¶ 16). With respect to the Nationality Act, Plaintiff's entire claim is that the statute "claims to have authorized Defendant Blinken to determine nationality and exercise other functions not permitted by the U.S. Constitution and Laws." Thus, Plaintiff has not alleged sufficient facts to show that the aforementioned acts always operate unconstitutionally and, therefore, has failed to plausibly allege a facial constitutional challenge.

Likewise, Plaintiff has not pled facts to state a claim that the statutes are unconstitutional as-applied. An as-applied challenge "addresses whether a statute is unconstitutional on the facts of a particular case or to a particular party." *Cooper v.*

*Raffensperger*, 472 F. Supp. 3d 1282, 1289 (N.D. Ga. 2020).  Plaintiff's Complaint is devoid of any allegation of a particular instance in which one of the challenged statutes was applied much as less any allegation that the statutes were applied with any direct impact on her.  Thus, Plaintiff's claims fail under an as-applied theory and should be dismissed.

### 3.   Campaign Contributions

Plaintiff appears to assert a violation of O.C.G.A. § 22-724 based on alleged contributions of "campaign funds for political purposes in Georgia" to influence "the vote and actions of State officers."  (Dkt. 1 at 16, ¶¶ 24-25).  Georgia Code Section 22-724 (1933) is now codified at O.C.G.A. § 14-5-6.[6]  Significantly, this is a criminal statute, providing that any corporation or officer who violates the subsection "shall be guilty of a felony."  O.C.G.A. § 14-5-6(b); *see also* Robert E. Cleary, Jr., *Corporate Officers or Agents, Crimes Involving*, GA. CRIMINAL OFFENSES AND DEFENSES C82 (2023).  Accordingly, this statute does not create a private right of action, and Plaintiff's claim must fail.  *See Azu v. Instant Checkmate*, No. 1:19-CV-4182-AT (N.D. ga. March 31, 2021) (dismissing claims where plaintiff attempted to bring a civil action based on violation of criminal statutes); *see also*

---

[6] Defendants have not been able to identify any case law citing O.C.G.A. § 14-5-6.

*Love v. Delta Air Lines*, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (finding that criminal statutes generally do not provide a private right of action); *Jastram v. Williams*, 276 Ga. App. 475, 476 (2005) (noting that "[c]riminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action").

In addition, Plaintiff has not alleged any facts in support of her claim. She has not alleged that any Defendant has made any particular contribution to any particular campaign or that any Defendant sought to influence any particular vote of any particular state officer. (*See* Dkt. 1 at 16, ¶¶ 24-25). The only support Plaintiff offers for her claim is a citation an article on the AJC website, which reflects philosophical support – not financial – for a piece of legislation. (*See* Dkt. 1 at 16, ¶ 24 (Ex. G)). Thus, Plaintiff has not and cannot state a claim based on some purported contribution to a campaign.

### 4.  Declaring Dividends and Distributing Funds in Violation of O.C.G.A. § 22-9901

Plaintiff contends that "[e]very Defendant has declared dividends and distributed money among their members as profits in a manner that increases its debts." (Dkt. 1 at 17, ¶ 27). Plaintiff appears to base her claim on § 22-9901. (*Id.* at 17, n. 26). Georgia Code Section 22-9901 is now codified at O.C.G.A. § 14-5-6.

Thus, as discussed in detail *supra* (Sect. IV.D.3), Plaintiff's claim must fail as it is based on a criminal statute, which does not provide a private right of action.

Moreover, Plaintiff has not alleged any facts to support her claim.  She has not identified any dividends or moneys that were supposedly distributed, described how any purported distributions allegedly increased any debts, or how such unspecified actions harmed her.  (*See* Dkt. 1 at 17, ¶ 27).[7]  Therefore, Plaintiff's claim should be dismissed.

### 5.  Violation of O.C.G.A. § 26-2803 by Embezzlement and Theft

Plaintiff alleges that "[e]very Defendant has embezzled, stolen, and secreted funds and fraudulently taken money, paper, books and other property and effects for which they are liable to imprisonment and labor for two to seven years."  (Dkt. 1 at 17, ¶ 28).  Plaintiff appears to rely on Georgia Code § 26-2803.  (*See id*. at 17, n. 27).  However, § 26-2803 pertained to "Misuse of the National Flag" and was deemed unconstitutional (at least as applied) in 1984 in the case of *Monroe v. State Court of Fulton Cnty.*, 739 F.2d 568 (11th Cir. 1984).  *See Bowles v. Jones*, 758 F.2d

---

[7] While Plaintiff's allegations are presumed true for purposes of this motion, notably, ADL, AJC, and B'nai B'rith are all non-profit organizations, and, thus, they do not declare dividends or make distributions at all.  *See* Exhibit 1.

1479, 1480 (11th Cir. 1985).[8]  Thus, Defendants could not have violated this statute, and Plaintiff's claim must fail.

Giving Plaintiff all benefits of the doubt, it appears that Plaintiff attempts to allege a violation of a section of Title 16, Chapter 8, which includes the modern codifications of § 26-1802 (1933) § 26-1803 (1933), § 26-1808 (1933) and prohibits theft by taking, theft by deception, and theft by conversion.  *See* O.C.G.A. § 16-8-2, 16-8-3, 16-8-4, respectively.   Title 16, however, includes criminal statutes and cannot support Plaintiff's claim here.  *See Delta Elite Inv., LLC v. U.S. Bank Trust Nat'l Assoc.*, No. 1:23-cv-4265-SDG-JKL, 2024 WL 1009458, at *4 (N.D. Ga. Jan. 18, 2024) (finding plaintiff failed to state a civil RICO claim where plaintiff "merely references multiple criminal statutes in a threadbare manner," including O.C.G.A. §§§ 16-8-2, 16-8-3, and 16-8-4).

Like with Plaintiff's other claims, she has failed to allege any facts in support of her claim.  Rather, the entirety of her claim is one conclusory sentence, which fails the plausibility standard set out in *Twombly* and *Iqbal*.  *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

---

[8] Defendants have been unable to identify any modern codification of § 26-2803.

### 6. __Violation of Freedom of Speech and Religion__

Plaintiff's whole claim is that she "has been denied the Right to free speech and freedom of religion and conscience under Georgia's Constitution – mislabeled anti-Semitic for truthfully confessing Hebrew heritage and observing religious rites as an Israelite – and targeted with aggravated slander and libel on social media platforms, including but not limited to 'X' (formerly Twitter) in consequence of every Defendants' breach of duty." (Dkt. 1 at 19-20, ¶ 19). Plaintiff's threadbare allegations fail to meet the *Iqbal* and *Twombly* standard.

Plaintiff fails to identify any supposed "breach of duty" by any Defendant, nor has she stated facts to show how such alleged breach has denied her freedom of speech or freedom of religion. Her claim otherwise appears to be based on an alleged slander or libel by a non-party, though she does not identify any purportedly slanderous or libelous statements, who made such statements or when, or how Defendants' conduct supposedly caused someone else to slander or libel Plaintiff. Accordingly, Plaintiff's barebones claim should be dismissed. *See Twombly*, 550 U.S. at 555 (a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (though Plaintiff has not managed even that)).

To the extent Plaintiff asserts claims for Constitutional violations, her claim further fails for the reasons set forth *supra* at Section IV.D.2.

## V.    __CONCLUSION__

For the reasons set forth above, Defendants respectfully submit that Plaintiff's

Complaint should be dismissed in its entirety.

This 19th day of April, 2024.

By:  /s/ *Sarah Hannah Phillips*

Sarah Hannah Phillips
Georgia Bar No. 302869
Samuel S. Olens
Georgia Bar No. 551540
Mark A. Silver
Georgia Bar No. 811928

DENTONS US LLP
303 Peachtree Street, NE. Suite 5300
Atlanta, GA 30308
Telephone:   (404) 527-4000
Facsimile:    (404) 527-4198
samuel.olens@dentons.com
mark.silver@dentons.com
sarahhannah.phillips@dentons.com

*Counsel for Defendants Anti-*
*Defamation League, Jonathan*
*Greenblatt, American Jewish*
*Committee, and B'nai B'rith*

## **CERTIFICATE OF COMPLIANCE**

The undersigned attorney hereby certifies that the foregoing ***Memorandum of Law in Support of Defendants Anti-Defamation League, Jonathan Greenblatt, B'nai B'rith, and American Jewish Committee's Motion to Dismiss Plaintiff's Complaint*** was prepared in accordance with N.D. Ga. L.R. 5.1, using Times New Roman, font, 14 point.

By:    */s/ Sarah Hannah Phillips*
       Sarah Hannah Phillips

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I further certify that I have served the foregoing ***Memorandum of Law in Support of Defendants Anti-Defamation League, Jonathan Greenblatt, B'nai B'rith, and American Jewish Committee's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law*** by electronic mail and by first class U.S. Mail, properly sealed, addressed, and with sufficient postage, to the pro se plaintiff as follows:

> Tamah Jada Clark
> 1880 Braselton Highway
> Suite 118 #5018
> Lawrenceville, Georgia 30043

By:  */s/ Sarah Hannah Phillips*
_____
Sarah Hannah Phillips

# EXHIBIT "1"

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**Annual Registration**

*Electronically Filed*
Secretary of State
Filing Date: 04/18/2024 17:05:00

## BUSINESS INFORMATION

| | | |
|---|---|---|
| **BUSINESS NAME** | : | AMERICAN JEWISH COMMITTEE (INC.) |
| **CONTROL NUMBER** | : | 07058481 |
| **BUSINESS TYPE** | : | Foreign Nonprofit Corporation |
| **JURISDICTION** | : | New York |
| **ANNUAL REGISTRATION PERIOD** | : | 2024 |

## BUSINESS INFORMATION CURRENTLY ON FILE

| | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : | 165 E 56TH STREET, New York, NY, 10022-2746, USA |
| **REGISTERED AGENT NAME** | : | REGISTERED AGENTS LEGAL SERVICES, LLC |
| **REGISTERED OFFICE ADDRESS** | : | 900 OLD ROSWELL LAKES PARKWAY, SUITE 310, Roswell, GA, 30076, USA |
| **REGISTERED OFFICE COUNTY** | : | Fulton |

| **OFFICER** | **TITLE** | **ADDRESS** |
|---|---|---|
| David R. Berz | Secretary | 165 East 56th Street, New York, NY, 10022-2746, USA |
| Richard M. Hyne | CFO | 165 E. 56th Street, New York, NY, 10022-2746, USA |
| Ted Deutch | CEO | 165 E 56th Street, New York, NY, 10022-2746, USA |

## UPDATES TO ABOVE BUSINESS INFORMATION

| | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : | 165 E 56TH STREET, New York, NY, 10022-2746, USA |
| **REGISTERED AGENT NAME** | : | REGISTERED AGENTS LEGAL SERVICES, LLC |
| **REGISTERED OFFICE ADDRESS** | : | 900 OLD ROSWELL LAKES PARKWAY, SUITE 310, Roswell, GA, 30076, USA |
| **REGISTERED OFFICE COUNTY** | : | Fulton |

| **OFFICER** | **TITLE** | **ADDRESS** |
|---|---|---|
| David R. Berz | Secretary | 165 East 56th Street, New York, NY, 10022-2746, USA |
| Richard M. Hyne | CFO | 165 E. 56th Street, New York, NY, 10022-2746, USA |
| Ted Deutch | CEO | 165 E 56th Street, New York, NY, 10022-2746, USA |

## AUTHORIZER INFORMATION

| | | |
|---|---|---|
| **AUTHORIZER SIGNATURE** | : | Marc Stern |
| **AUTHORIZER TITLE** | : | Officer |

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**Annual Registration**

*Electronically Filed*
Secretary of State
Filing Date: 03/27/2024 18:31:42

## BUSINESS INFORMATION

| | |
|---|---|
| **BUSINESS NAME** | : Anti-Defamation League, Inc. |
| **CONTROL NUMBER** | : 23076258 |
| **BUSINESS TYPE** | : Foreign Nonprofit Corporation |
| **JURISDICTION** | : District Of Columbia |
| **ANNUAL REGISTRATION PERIOD** | : 2024 |

## BUSINESS INFORMATION CURRENTLY ON FILE

| | |
|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : 605 THIRD AVENUE, NEW YORK, NY, 10158, USA |
| **REGISTERED AGENT NAME** | : Eytan Davidson |
| **REGISTERED OFFICE ADDRESS** | : 55 Ivan Allen Jr. Blvd NW, Suite 520, Atlanta, GA, 30313, USA |
| **REGISTERED OFFICE COUNTY** | : Fulton |

| **OFFICER** | **TITLE** | **ADDRESS** |
|---|---|---|
| ANDY ADELSON | CFO | 605 THIRD AVENUE, New York, NY, 10158, USA |
| Steve Sheinberg | CEO | 605 THIRD AVENUE, NEW YORK, NY, 10158, USA |
| YASMIN GREEN | Secretary | 605 THIRD AVENUE, NEW YORK, NY, 10158, USA |

## UPDATES TO ABOVE BUSINESS INFORMATION

| | |
|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : 605 THIRD AVENUE, NEW YORK, NY, 10158, USA |
| **REGISTERED AGENT NAME** | : Eytan Davidson |
| **REGISTERED OFFICE ADDRESS** | : 55 Ivan Allen Jr. Blvd NW, Suite 520, Atlanta, GA, 30313, USA |
| **REGISTERED OFFICE COUNTY** | : Fulton |

| **OFFICER** | **TITLE** | **ADDRESS** |
|---|---|---|
| Rob Stavis | CFO | 605 THIRD AVENUE, New York, NY, 10158, USA |
| Steve Sheinberg | CEO | 605 THIRD AVENUE, NEW YORK, NY, 10158, USA |
| YASMIN GREEN | Secretary | 605 THIRD AVENUE, NEW YORK, NY, 10158, USA |

## AUTHORIZER INFORMATION

| | |
|---|---|
| **AUTHORIZER SIGNATURE** | : Steve Sheinberg |
| **AUTHORIZER TITLE** | : Authorized Person |

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**ANNUAL REGISTRATION**

*Electronically Filed*
Secretary of State
Filing Date: 3/25/2022 11:52:27 AM

| BUSINESS INFORMATION | |
|---|---|
| CONTROL NUMBER | 18140562 |
| BUSINESS NAME | B'nai B'rith Corp. |
| BUSINESS TYPE | Foreign Nonprofit Corporation |
| EFFECTIVE DATE | 03/25/2022 |
| ANNUAL REGISTRATION PERIOD | 2022, 2023, 2024 |

| PRINCIPAL OFFICE ADDRESS | |
|---|---|
| ADDRESS | B'nai B'rith International, 1120 20th St NW Suite 300N, Washington, DC, 20036-3413, USA |

| REGISTERED AGENT | | |
|---|---|---|
| **NAME** | **ADDRESS** | **COUNTY** |
| Harry Lutz | 1748 Corners Cv, Dunwoody, GA, 30338, USA | Dekalb |

| OFFICERS INFORMATION | | |
|---|---|---|
| **NAME** | **TITLE** | **ADDRESS** |
| Aaron Michael Gellman | CFO | 1120 20th St NW, Suite 300 North, Washington, DC, 20036-3413, USA |
| Daniel S. Mariaschin | CEO | 1120 20th St NW, Suite 300 North, Washington, DC, 20036-3413, USA |
| Mark Olshan | SECRETARY | 1120 20th St NW, Suite 300 North, Washington, DC, 20036-3413, USA |

| AUTHORIZER INFORMATION | |
|---|---|
| AUTHORIZER SIGNATURE | Mark Olshan |
| AUTHORIZER TITLE | Officer |